## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W.R. GRACE & CO., *et al.*,<br><br>            Debtors.<br><br>―――――――――――――――<br><br>W.R. GRACE & CO., *et al.*,,<br><br>            Plaintiffs,<br><br>     - against -<br><br>MARGARET CHAKARIAN, *et al.,* and<br>JOHN DOES 1-1000,<br><br>           Defendants. | Chapter 11<br><br>Case Nos. 01-01139 (JKF)<br><br>(Jointly Administered)<br><br><br><br>**Adv. Pro. No. 01-771** |

### NOTICE OF APPEAL

PLEASE TAKE NOTICE that the State of Montana (hereinafter "Montana"), by and through its undersigned counsel, hereby appeals to the United States District Court for the District of Delaware from the following:

1.    Order, dated April 13, 2007, entered by the Court April 16, 2007, Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, [Docket No. 420];

2.    Memorandum Opinion, dated April 13, 2007, entered by the Court April 16, 2007, Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, [Docket No. 419];

3.    Order, dated March 27, 2008, entered by the Court March 31, 2008, Denying the Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction Entered April 16, 2007, [Docket No. 484];

4.    Memorandum Opinion dated March 27, 2008, entered by the Court March 31, 2008, Denying the Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction Entered April 16, 2007, [Docket No. 483].

The names of the parties to this appeal and the names, addresses and telephone numbers of the attorneys for the parties to this appeal are as follows:

| **PARTY** | **ATTORNEY OF RECORD** |
|---|---|
| **Debtors:**<br><br>**W.R. Grace & Co.,** *et al.* | David M. Bernick,. Esq.<br>Janet S. Baer, Esq.<br>Lori Sinanyan, Esq.<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>T: 312-861-2000<br><br>Laura Davis Jones, Esq.<br>James O'Neill, Esq.<br>Pachulski Stang Ziehl & Jones<br>919 N. Market Street, 17th Floor<br>Wilmington, DE 19801<br>T: 305-652-4100 |

**State of Montana**

Francis A. Monaco Jr., Esq.
Kevin J. Mangan, Esq.
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Ste. 1501
Wilmington, DE 19801
T:  302-252-4320

Dale R. Cockrell, Esq.
Christensen, Moore, Cockrell,
Cummings & Axelberg, P.C.
P.O. Box 7370
Kalispell, MT  59904
T:  (406) 751-6003

**BNSF Railway Company**

Evelyn J. Meltzer, Esq.
Pepper Hamilton LLP
Hercules Plaza, Ste. 5100
Wilmington, DE 19801
T:  302-777-6500

Edward C. Toole, Jr., Esq.
Anne Marie Aaronson, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103
T:  215-981-4000

**Official Committee of Asbestos**
**Personal Injury Claimants**

Marla Rosoff Eskin, Esq.
Mark T. Hurford, Esq.
Campbell & Levine, LLC
800 King Street, 3rd Floor
Wilmington, DE 19801
T: 302-426-1900

Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152
T: 212-319-7125

Peter Van N. Lockwood, Esq.
Nathan D. Finch, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, D.C. 20005
T: 202-862-5000

**Libby Claimants**

Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb LLP
919 Market Street, Ste. 600
Wilmington, DE 19801
T: 302-467-4400

Daniel C. Cohn, Esq.
Christopher M. Candon, Esq.
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA 02110
T: 617-951-2505

| | |
|---|---|
| **Continental Casualty Company** | Edward B. Rosenthal, Esq.<br>Rosenthal Monhait & Goddess, P.A.<br>919 Market Street, Ste. 1401<br>Wilmington, DE 19801<br>T: 302-656-4433 |
| | Daniel M. Glosband, Esq.<br>Brian H. Mukherjee, Esq.<br>Goodwin Proctor LLP<br>Exchange Place<br>Boston, MA 02109<br>T: 617-571-1000 |
| | Elizabeth DeCristofaro, Esq.<br>Ford Marrin Esposito Witmeyer & Gleser LLP<br>Wall Street Plaza, 23rd Floor<br>New York, NY 10005<br>T: 212-269-4900 |
| **Royal Indemnity Company** | Ian Connor Bifferato, Esq.<br>Garvan McDaniel, Esq.<br>Bifferato Gentilotti LLP<br>800 North King Street, First Floor<br>Wilmington, DE 19801<br>T: 302-429-1900 |
| | Carl J. Pernicone, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>150 East 42nd Street<br>New York, NY 10017<br>T: 212-490-3000 |

| | |
|---|---|
| **Maryland Casualty Company** | Jeffrey C. Wisler, Esq.<br>Marc J. Phillips, Esq.<br>Connolly Bove Lodge & Hutz LLP<br>The Nemours Building<br>1007 North Orange Street<br>Wilmington, DE 19801<br>T: 302-658-9141 |
| | Edward J. Longosz, Esq.<br>Laura G. Stover, Esq.<br>Eckert Seamans Cherin & Mellott, LLC<br>1747 Pennsylvania Avenue, NW, Ste. 1200<br>Washington, DC 20006<br>T: 202-659-6600 |
| **Official Committee of Unsecured Creditors** | Michael R. Lastowski, Esq.<br>Duane Morris LLP<br>1100 North Market Street<br>Suite 1200<br>Wilmington, DE 19801-1246<br>T: 302-657-4900 |
| | Lewis Kruger, Esq.<br>Kenneth Pasquale, Esq.<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038<br>T: 212-806-5400 |
| **Office of the United States Trustee** | David Klauder, Esq.<br>Office of the United States Trustee<br>844 King Street, 2nd Floor<br>Wilmington, DE 19801<br>T: 302-573-6491 |

**Property Damage Claimants**

Michael B. Joseph, Esq.
Theordore Tacconelli, Esq.
Ferry Joseph & Pearce PA
824 Market Street, Ste 904
Wilmington, DE 19801
T: 302-575-1555

Scott L. Baena, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd., Ste. 2500
Miami, FL 33131
T: 305-374-7580

**Official Committee Equity Holders**

Theresa K.D. Currier, Esq.
Buchanan Ingersoll & Rooney PC
1000 West Street, Ste. 1410
Wilmington, De 19801
T: 302-552-4200

Philip Bentley, Esq.
Thomas M. Mayer, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
T: 212-715-9100

**David T. Austern, Future Claimant's Representative**

Roger Frankel, Esq.
Richard H. Wyron, Esq.
Orrick Herrington & Sutcliffe LLP
3050 K Street, NW
Washington, DC 20007

John C. Phillips, Jr., Esq.
Phillips Goldman & Spence PA
1200 North Broom Street
Wilmington, De 19806
T: 302-655-4200

Dated: Wilmington, Delaware
April 10, 2008

Francis A. Monaco, Jr. (#2078)
Kevin J. Mangan (#3810)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC.
222 Delaware Avenue, Ste. 1501
Wilmington, DE 19801
T: 302-252-4320

Counsel for the State of Montana

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| W.R. GRACE & CO., *et al*., | Case Nos. 01-01139 (JKF) |
| Debtors. | (Jointly Administered) |
| W.R. GRACE & CO., *et al.,*, | |
| Plaintiffs, | **Adv. Pro. No. 01-771** |
| - against - | |
| MARGARET CHAKARIAN, *et al.,* and JOHN DOES 1-1000, | |
| Defendants. | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Heidi E. Sasso, certify that I am not less than 18 years of age, and that service of **the Notice of Appeal** was made via electronic mail and US Mail or Hand Delivery on April 10, 2008 upon**:**

Evelyn Meltzer, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
Wilmington, DE 19899

Garvan F. McDaniel
BIFFERATO GENTILOTTI LLC
800 North King Street, First Floor
Wilmington, DE 19801

Edward B. Rosenthal, Esquire
ROSENTHAL, MONHAIT &
GODDESS, P.A.
919 Market Street
Mellon Bank Center, Suite 1401
Wilmington, DE 19899-1070

WCSR 3878223v1

Edward C. Toole, Jr.
Anne Marie Aaronson
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Daniel M. Glosband
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109

Elizabeth DeCristofaro (pro hac vice)
FORD MARRIN ESPOSITO
WITMEYER & GLESER, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875

Carl Pennicone, Esquire
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

Roger Frankel, Esquire
Orrick Herrington & Sutcliffe LLP
3050 K Street, NW
Washington, DC  20007

John C. Phillips, Jr., Esquire
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

James E. O'Neill, Esquire
Pachulski Stang Ziehl Young Jones & Weintraub LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801

Jeffrey C. Wisler, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street
Wilmington, DE 19801

Mark Hurford, Esquire
Campbell & Levine, LLC
800 N. King Street
#300
Wilmington, DE 19801

Michael R. Lastowski, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

Theodore Tacconnelli, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
Wilmington, DE 19801

David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

Teresa K. D. Currier, Esquire
Buchanan Ingersoll
1000 West Street, Suite 1410
Wilmington, DE 19801

Scott L. Baena, Esq.
Bilzin Sumberg Dunn Beana Price & Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FOL  33131

Philip Bentley, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Peter Van N. Lockwood, Esquire
Caplin & Drysdale, Chartered
One Thomas circle, N.W.
Washington, DC  20005

Janet S. Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Lewis Kruger, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

Daniel C. Cohn, Esquire
Cohn Whitesell & Goldberg LLP
101 Arch Street
Boston, MA  02110

Elihu Inselbuch, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY  10152

Adam G. Landis, Esq.
Kerri K. Mumford, Esq.
Landis Rath & Cobb LLP
919 Market Street, Ste. 600
Wilmington, DE 19801

Edward J. Longosz, Esq.
Laura G. Stover, Esq.
Eckert Seamans Cherin  & Mellott, LLC
1747 Pennsylvania Avenue, NW, Ste. 1200
Washington, DC 20006

> Under penalty of perjury, I declare that the foregoing is true and correct.

__4/10/2008_____          _____/s/ Heidi E. Sasso_____
Date                          Heidi E. Sasso

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:  (

W.R. GRACE & CO., *et al*.,  (    Bankruptcy No. 01-01139 (JKF)
(    Jointly Administered
Debtor(s).  (
(    Chapter 11
(
(
W.R. GRACE & CO., *et al*.,  (
(
Plaintiffs.  (
(
-against-  (
(    Adversary No. A-01-771
MARGARET CHAKARIAN,  (
*et al*., and  (    Related to Doc. No. 426, 427, 419, 420, 466
JOHN DOES 1-1000,  (
(
Defendants.  (

## ORDER DENYING MOTIONS TO RECONSIDER

**AND NOW**, this ___27th___ day of March, 2008, for the reasons expressed in the foregoing

Memorandum Opinion, it is **ORDERED, ADJUDGED**, and **DECREED** that the Motion for

Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of

Preliminary Injunction Entered April 16, 2007, filed on behalf of State of Montana, Doc. No.

426, and Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand

the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 427,

which ask the court to reverse its Order Denying Debtors' Motion to Expand the Preliminary

Injunction to Include Actions Against the State of Montana, Doc. No. 420, and Memorandum

1

Opinion, Doc. No. 419, both signed on April 13, 2007 and entered on the docket on April 16,

2007, are **DENIED**.

*Judith K. Fitzgerald*                    **jmd**

Judith K. Fitzgerald
United States Bankruptcy Judge

cc     David M. Bernick
       Janet S. Baer
       Kirkland & Ellis LLP
       200 East Randolph Drive
       Chicago, IL  60601

       Laura Davis Jones
       James E. O'Neill
       Pachulski Stang Ziehl & Jones
       919 North Market Street, 17th Floor
       PO Box 8705
       Wilmington, DE  19899-8705

       Adam G. Landis
       Kerri K. Mumford
       919 Market Street, Suite 600
       PO Box 2087
       Wilmington, DE  19801

       Daniel C. Cohn
       Christopher M. Candon
       Cohn Whitesell & Goldberg LLP
       101 Arch Street
       Boston, MA  02110

       Mark R. Hurford
       Marla R. Eskin
       Campbell & Levine, LLC
       800 N. King Street, Suite 300
       Wilmington, DE  19801

       Elihu Inselbuch
       Caplin & Drysdale, Chartered
       375 Park Avenue, 35th Floor

2

New York, NY  10152-3500

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC  20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE  19899-1709

Edward C. Toole, Jr.
Anne Marie Aaron son
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE  19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witmeyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY  10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE  19801

3

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
   & Dicker LLP
150 East 42nd Street
New York, NY  10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE  19899

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE  19801

Roger Frankel
Richard H. Wyron
Arrack Harrington & Sutcliffee LLP
3050 K Street, NW
Washington, DC  20007

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

4

Scott Baena
Bilzin Sumberg Dunn Baena Price
   & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
   Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ( | |
| ( | |
| W.R. GRACE & CO., *et al.*, ( | Bankruptcy No. 01-01139 (JKF) |
| ( | Jointly Administered |
| Debtor(s). ( | |
| ——————————————( | Chapter 11 |
| ( | |
| ( | |
| W.R. GRACE & CO., *et al.*, ( | |
| ( | |
| Plaintiffs. ( | |
| ( | |
| -against- ( | |
| ( | Adversary No. A-01-771 |
| MARGARET CHAKARIAN, ( | |
| *et al.*, and ( | Related to Doc. No. 426, 427, 419, 420, 466 |
| JOHN DOES 1-1000, ( | |
| ( | |
| Defendants. ( | |
| ——————————————( | |

**MEMORANDUM OPINION**[1]

The matters before the court are the (1) Debtors' Motion to Alter and Amend the Court's

Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the

State of Montana[2] and (2) Motion for Reconsideration of Court's Opinion and Order Denying

Debtors' Motion for Expansion of Preliminary Injunction Entered April 16, 2007[3] (collectively,

---

[1]The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

[2]Doc. No. 427, filed on April 26, 2007.

[3]Doc. No. 426, filed on April 26, 2007.

1

the "Motions to Reconsider"). We note that our Memorandum Opinion and Order, 366 B.R. 295 (Bankr.D.Del. 2007),[4] are dated April 13, 2007, but were docketed on April 16, 2007; hence the reference in the Motion for Reconsideration. We will refer to our opinion and order by reference to the April 13 date and/or to the Bankruptcy Reporter cite. The Motions to Reconsider ask the court to reverse its April 13 Memorandum Opinion and Order,[5] docketed on April 16, 2007, which denied Debtors' motion[6] to expand the preliminary injunction to include actions against the State of Montana ("State Court Actions"). The Official Committee of Asbestos Personal-Injury [sic] Claimants ("ACC") and the claimants involved in the State Court Actions ("Montana Plaintiffs")[7] both filed objections to the Motions to Reconsider.[8]

BACKGROUND

---

[4]On the adversary docket the Memorandum Opinion is at Doc. No. 419 and the Order is at Doc. No. 420.

[5]Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 420. Memorandum Opinion, Doc. No. 419. See In re W.R. Grace & Co., 366 B.R. 295 (Bankr.D.Del. 2007).

[6]Debtors' Motion to Expand Their Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 359.

[7]The Montana Plaintiffs also call themselves "Libby Claimants." See, for example, Doc. No. 442 designated as filed by Libby Claimants. However, the document filed at Doc. No. 442 is titled and refers to "Montana Plaintiffs." Doc. No. 442 refers to Doc. No. 363, footnote 1 of which refers to Doc. No. 4807 in the main case, Bankr. No. 01-1139. Doc. No. 4807 is a 2019 statement listing the Libby/Montana claimants by name. We refer to them herein as "Montana Plaintiffs."

[8]Opposition of the Official Committee of Asbestos Personal-Injury [sic] Claimants to the Debtors' and the State of Montana's Motions to Reconsider the Court's Decision Denying a Stay of Litigation Against Montana, Doc. No. 443; Objection to Motions Filed By Debtors and State of Montana to Reconsider Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 442.

2

On April 2, 2001 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On the same date, Debtors filed this adversary proceeding. Soon after, the United States Trustee appointed the Property Damage Committee, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Unsecured Creditors, and the Official Committee of Equity Holders. Debtors continue in possession of their property and the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The original preliminary injunction in this adversary proceeding was signed on May 3, 2001,[9] barring the prosecution of then pending actions against various entities affiliated with Debtors and certain third parties whose purported liability was solely derivative of W.R. Grace. On January 22, 2002, the court entered an order modifying the preliminary injunction to include certain additional affiliates and to reinstate the bar against the commencement of new actions against affiliates arising from alleged exposure to asbestos whether indirectly or directly cause by W.R. Grace.[10] On February 4, 2002, certain Montana Plaintiffs attempted to modify the injunction in order to pursue a prepetition state court suit based on an alleged direct cause of action against Maryland Casualty Company ("MCC"), one of W.R. Grace's insurers.[11] This court

---

[9]The order was docketed on May 6, 2001. *See* Doc. No. 32.

[10]*See* Doc. No. 87, Order Granting Modified Preliminary Injunction.

[11]*See* Doc. No. 85. The pleading is captioned and docketed as a motion to intervene filed on behalf of Carol Gerard but sought clarification of the scope of the injunction or, alternatively, a modification of the injunction so the proposed intervenor could obtain documents for use in her Maryland state court action. Named plaintiffs involved in the State Court Actions were also previously involved in the claims against Maryland Casualty Company, Doc. Nos. 109, 135, 154, and Montana Vermiculite Company, Doc. Nos. 298, 299, in this adversary. *See* Doc. Nos. 109, 135, 154 (MCC); Doc. Nos. 298, 299 (MVC).

3

denied the attempt to modify, Doc. Nos. 109, 133, which was ultimately upheld by the U.S.

Circuit Court of Appeals for the Third Circuit. *In re W.R. Grace & Co. (Gerard, et al. v. W.R.*

*Grace & Co., et al.)*, 115 Fed.Appx. 565 (3d Cir. 2004). The Montana Plaintiffs next attempted

to pursue their asbestos personal injury claims arising out of W.R. Grace's Libby mining

operations by pursuing a prepetition suit against Montana Vermiculite Company ("MVC"), the

former owners of certain assets one of the Debtors purchased in 1963. *See* Doc. No. 153,

Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against [MVC]. This

court amended the injunction to stay the actions against MVC on February 25, 2005.[12]

On August 22, 2005, Debtors filed a Motion to Expand Their Preliminary Injunction to

Include Actions Against the State of Montana (the "Injunction Motion"),[13] seeking to expand the

preliminary injunction to include the State Court Actions filed postpetition against the State of

Montana for, among other things, negligence in failing to warn about the risks of asbestos at the

Debtors' workplace and mine in Libby, Montana. The Montana Plaintiffs filed an objection to

the Injunction Motion.[14] The Official Committee of Unsecured Creditors submitted a joinder[15] to

---

[12]Adv. No. 01-771 at Doc. No. 358. The order was docketed on February 28, 2005.

[13]Doc. No. 359.

[14]Opposition of Libby Claimants to Debtors' Motion to Expand the Preliminary
Injunction to Include Actions Against the State of Montana, Adversary No. 01-771, Doc. No.
363.

[15]Joinder of the Official Committee of Unsecured Creditors in the Debtors' Motion to
Expand Their Preliminary Injunction to Include Action Against the State of Montana, Adversary
No. 01-771, Doc. No. 361.

4

the Injunction Motion and the State of Montana filed a response stating it did not object to the relief sought unless the relief affected certain of its rights.[16]

On December 19, 2005, the court held a hearing on the Injunction Motion. On April 13, 2007, the court issued a Memorandum Opinion and Order denying Debtors' Injunction Motion ("the April 13 Memorandum Opinion and Order"), finding that "related-to subject matter jurisdiction [did] not exist for the purpose of expanding the injunction to include the State Court Actions."[17] The Debtors and the State of Montana subsequently filed the Motions to Reconsider now before us and the ACC and Montana Plaintiffs filed objections thereto.[18]

---

[16]Response to Debtors' Motion to Expand Preliminary Injunction to Include Actions Against the State of Montana, Adversary No. 01-771, Doc. No. 362, at 1-2 ("Montana does not object to the relief requested in the Motion to Expand Injunction if the motion does not effect [sic] Montana's rights to: (a) object to any plan of reorganization of the Debtors relating to the treatment of Montana under such a plan; (b) preserve its contribution and/or indemnification claims it may have against Debtors relating to the Montana actions; (c) take all such actions as Montana shall determine appropriate in order to preserve any claims or causes of actions it may have relating to the Montana actions; and (d) continue to seek relief from the automatic stay in the event the Motion is denied").

[17]Doc. Nos. 419, 420, *In re W.R. Grace & Co., et al. (W.R. Grace & Co., et al. V. Chakarian, et al.)*, 366 B.R. 295 (Bankr.D.Del. 2007).

[18]Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 427; State of Montana's Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction, Doc. No. 426. The Montana Plaintiffs' opposition is docketed as being filed by "Libby Claimants" and appears on the docket as Objection to Motions Filed By Debtors and State of Montana to Reconsider Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana." The document itself is captioned as "Opposition of Montana Claimants to Motions . . ." Doc. No. 442. The ACC's objection is docketed and titled as Opposition of the Official Committee of Asbestos Personal-Injury [sic] Claimants to the Debtors' and the State of Montana's Motions to Reconsider the Court's Decision Denying a Stay of Litigation Against Montana. Doc. No. 443.

On May 21, 2007, this court held a hearing on the Motions to Reconsider.[19]  At the hearing, the court took the Motions to Reconsider under advisement and orally entered a temporary stay pending its ruling on the motions.  The court entered its written order on August 29, 2007 ("Stay Order").[20]

The Montana Plaintiffs thereafter appealed the entry of the Stay Order to the United States District Court for the District of Delaware.[21]  The Debtors and the State of Montana filed Motions to Dismiss the Appeal and corresponding briefs.[22]  The Montana Plaintiffs filed opposition to the motions to dismiss.[23]  On January 22, 2008, the District Court entered a Memorandum and Order granting the Debtors' and State of Montana's motions to dismiss the appeal.[24]

## DISCUSSION

---

[19]*See* Transcript of 5/21/2007, Bankr. No. 01-1139, Doc. No. 15948.

[20]Doc. No. 466.  This order is docketed as an amended order and refers to Burlington Northern Santa Fe Railway company ("BNSF") and an order entered at Doc. No. 453.  BNSF is the subject of a separate pending matter which the court also has under advisement. *See, e.g.,* Doc. Nos. 453, 459, 461, 462, 463.  We do not address BNSF issues here.

[21]Doc. No. 467, Notice of Appeal; Civil Action No. 07-609.

[22]Civil Action No. 07-609, Doc. Nos. 6-10, 14.

[23]Civil Action No. 07-609, Doc. Nos. 11, 12.

[24]Civil Action No. 07-609, Doc. No. 15;  Adv. Doc. Nos. 474-476.  The District Court's Memorandum is published on Westlaw as *Libby Claimants v. W.R. Grace & Co.*, 2008 WL 205310 (D.Del., Jan. 22, 2008).

The Motions to Reconsider were brought pursuant to Fed.R.Civ.P. 59(e),[25] incorporated into bankruptcy proceedings by Fed.R.Bankr.P. 9023.[26]  Pursuant to Fed. R. Civ. P. 59(e), a judgment may be altered or amended only when the party seeking reconsideration shows:  (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in manifest injustice.  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In their Motions to Reconsider, Debtors and the State of Montana allege that there is a clear need to correct a legal error which resulted in the injustice of denying the Debtors' request to expand the preliminary injunction.  Debtors argue that the court "[o]verlooked binding precedent"[27] established in *In re W.R. Grace & Co. (Gerard, et al.  v. W.R. Grace & Co., et al.)*, 115 Fed.Appx. 565 (3d Cir. 2004), and should correct the error by expanding the injunction to include the State of Montana.  The State of Montana agreed.[28]  Debtors argue, and the State of Montana concurred,[29] as they did in the initial pleadings, that the circumstances of MCC in

---

[25]"(e) Motion to Alter or Amend Judgment.  Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Fed.R.Civ.P. 59(e).

[26]Fed.R.Bankr.P. 9023 provides that Fed.R.Civ.P. 59 applies in bankruptcy cases except as provided in Fed.R.Bankr.P. 3008 regarding claims allowance.

[27]Doc. No. 427, at 2.

[28]Doc. No. 426.

[29]Doc. No. 427 at 2; Doc. No. 426 at 4.

7

*Gerard* are "essentially identical to those present with the State of Montana"[30] and, therefore, the court should have followed its earlier decision[31] and should have ruled that the injunction also covers suits against the State of Montana. However, this court did not "overlook" the *Gerard* case. Indeed, this court expressly cited *Gerard*[32] and distinguished it on its facts.[33]

In the April 13 Memorandum Opinion, we ruled that related-to subject matter jurisdiction did not exist for the purpose of expanding the injunction to include the State Court Actions.[34] The generally accepted test for determining whether a bankruptcy court has subject matter jurisdiction over litigation between nondebtor third parties is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). *See also In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 387 (3d Cir. 2002), *cert. denied sub nom. DaimlerChrysler v. Official Committee of Asbestos Claimants*, 537 U.S. 1148 (2003). In *Pacor* and *Federal-Mogul*, the Court of Appeals for the Third Circuit found that related-to jurisdiction was lacking because

---

[30] *Id.* at 2; Doc. No. 426 at 4 ("The present case is identical to Gerard").

[31] In *Gerard*, the Court of Appeals for the Third Circuit vacated the District Court's order vacating this court's order. The result was that claims against MCC remained subject to the protection of the preliminary injunction, inasmuch as claims against MCC were based on its role as Debtors' workers compensation carrier and its work with Debtors on a dust control system for Debtors' mine in Libby, Montana.

[32] 366 B.R. at 298.

[33] 366 B.R. at 301-02.

[34] 366 B.R. at 302. Subject matter jurisdiction and power of the Bankruptcy Code are separate prerequisites to the court's capacity to act against third-party nondebtors, such as the State of Montana. *See Matter of Zale Corp.*, 62 F.3d 746, 751 (5th Cir. 1995) (citing *In re American Hardwoods, Inc. (American Hardwoods, Inc. v. Deutsche Credit Corp.)*, 885 F.2d 621, 624 (9th Cir. 1989)).

8

there could be no direct effect on the estate without intervening litigation. *Pacor*, 743 F.2d at 995 (Higgins was not a creditor, had filed no claim against the debtor, and, therefore, any judgment would have no effect on the estate); *Federal-Mogul*, 300 F.3d at 386 (appeal barred because basis for district court's remand was lack of related-to jurisdiction).

In *Federal-Mogul*, at the bankruptcy court level, the court distinguished three cases in which courts have found jurisdiction because, although the issues involved third parties, the rulings would have a direct effect on the estates. *In re Federal-Mogul Global, Inc.*, 282 B.R. 301, 307 (Bankr.D.Del. 2002).[35] Those three cases were *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995); *In re A.H. Robins Co., Inc.*, 828 F.2d 1023 (4th Cir. 1987), *cert. denied sub nom. Oberg v. Aetna Cas. and Sur. Co.*, 485 U.S. 969 (1988); and *Halper v. Halper*, 164 F.3d 830 (3d Cir. 1999). This court's April 13 Memorandum Opinion explained that the suits against MCC and against MVC were both similar to the claims at issue in *Celotex*, *A.H. Robins Co.*, and *Halper* because of their potential to directly affect the estate without separate intervening litigation. 366 B.R. at 301-02. While the April 13 Memorandum Opinion did not go into significant detail regarding the circumstances of the suits against MCC in *Gerard*, *Gerard* was clearly grouped with *Celotex*, *A.H. Robins Co.*, and *Halper* as a case in which the claims at issue could have a "direct effect on the estate."[36]

---

[35] Mandamus denied by *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002), *cert. denied sub nom. DaimlerChrysler Corp. v. Official Committee of Asbestos Claimants*, 537 U.S. 1148 (2003).

[36] 366 B.R. at 301.

On the other hand, we found the State Court Actions to be similar to those claims in

*Pacor* and *Federal-Mogul* because there could be no direct effect on the estate without

intervening adjudication.

> Before any effect on Debtors can be realized, the State of Montana
> must first be found liable in state court and then pursue its claim
> for indemnification in bankruptcy court. While the court in *Orr v.*
> *State of Montana, supra,* found that a duty existed on behalf of the
> State, the case was remanded for determination of whether the
> State of Montana breached that duty. If breach is not found,
> indemnification/contribution is not possible. If breach is found,
> Montana Plaintiffs "would still be obligated to bring an entirely
> separate proceeding to receive indemnification." *Pacor*, 743 F.2d
> at 995. Montana law prohibits the State of Montana from litigating
> or establishing a factual basis (i.e., percentage of comparative
> fault) against Debtors for either contribution or indemnity during
> the course of the State Court Actions. See Mont. Ann. §27-1-703
> (1997), and *Plumb v. Fourth Judicial Dist. Court,* 927 P.2d 1011
> (Mont. 1996) (entry of findings against non-party violates
> substantive due process). A judgment against the State of Montana
> will not bind Debtors. An intervening adjudication is necessary to
> affect the estate.

366 B.R. at 301. Allegations of common law indemnification against Debtors in *Pacor,*

*Federal-Mogul,* and this court's April 13, 2007, decision regarding the State of Montana were

found to be an insufficient basis for related-to jurisdiction because there could be no direct effect

on the bankruptcy estate without intervening adjudication. In contrast, MCC in *Gerard* asserted

contractual indemnity rights which could have a direct impact on the estate.[37] Debtors and MCC,

a workers' compensation insurer for the Debtors, had entered into a settlement agreement

whereby "Grace agreed to . . . indemnify MCC against any future asbestos-related claims filed

---

[37] *See* Doc. No. 100, Objection to Motion of Carol Gerard to Clarify the Scope of the
Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction Filed by
[MCC].

10

against MCC that arose out of alleged liability on the part of Grace." *Gerard, et al. v. W.R. Grace & Co., et al.*, 115 Fed. Appx. 565, 566 (3d Cir. 2004).

As explained above, this court distinguished the MCC claims in *Gerard* from the State of Montana claims. Nothing in the record before us indicates an error of law or fact that resulted in manifest injustice occasioned by our April 13 Memorandum Opinion. Therefore, the Debtors and the State of Montana failed to show grounds under Fed.R.Bankr.P. 9023 upon which this court could base a decision granting the Motions to Reconsider.

The court also notes that the Motions to Reconsider presented arguments nearly identical to those in the initial pleadings requesting expansion of the injunction. Motions to alter or amend a judgment are not intended to permit a "rehash [of] arguments already briefed."[38]

It should also be noted that the Montana Plaintiffs submitted a letter to this court, pursuant to Del. Bankr. L.R. 7007-1(b),[39] calling to the court's attention and briefly discussing the opinion of the Court of Appeals for the Second Circuit in *In re Johns-Manville Corp. (Travelers Casualty and Surety Co., et al. v. Chubb Indemnity Insurance Co., et al.,* ___ F.3d

---

[38] *Inline Connection Corp. v. AOL Time Warner, Inc.*, 395 F.Supp. 2d 115, 117 (D.Del. 2005)(quoting *Dentsply Int'l, Inc.. v. Kerr Mfg. Co.*, 42 F.Supp. 2d 385, 419 (D.Del.), *appeal dismissed* 215 F.3d 1348 (1999)). *See also Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231, 1232 (3d Cir. 1995)(motions to alter or amend do not provide litigants with an opportunity for a "second bite at the apple").

[39] The Local Rule provides:

> Citation of Subsequent Authorities.  No additional briefs, affidavits or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court, except that a party may call to the Court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument.

___, 2008 WL 399010 (2d Cir., Feb. 15, 2008).[40]  Debtors and the State of Montana both

responded to the Rule 7007-1(b) filing from the Montana Plaintiffs.[41]  The *Johns-Manville*

opinion is not dispositive of the Motions to Reconsider.  The facts are distinguishable from those

currently before this court.  In the present case, Debtors sought to expand the preliminary

injunction preconfirmation to protect assets of their estates.  The expansion of the injunction in

*Johns-Manville* was sought postconfirmation by an insurer to protect it from statutory and

common law claims based upon an alleged independent duty owed to plaintiffs in those actions.

Although the "independent duty" theory in *Johns-Manville* is similar to that lodged against the

State of Montana here, the basis for the injunction is different.  Travelers conceded that the

compensation sought for its alleged tortious conduct was not related to proceeds of Manville's

policies.  *Id.* at *7.  Furthermore, the plaintiffs did not rely on Manville's insurance policies nor

seek to recover insurance proceeds for recovery.  *Id.*  In sum, there was no effect on the *res* of

the Manville estate by the actions against Travelers, a nondebtor insurer, and the bankruptcy

court had no subject matter jurisdiction to enjoin the type of suits at issue, postconfirmation,

against Travelers.  *Id.* at *11.  Likewise the Court of Appeals opined that were this a §524(g)

matter, it would fall outside the parameters of that provision because the claims in question were

nonderivative and had no effect on the estate's *res*.  *Id.* at 11.  This case is in the preconfirmation

stage.  It is more in line with the *Pacor* situation in that, as previously stated, if the State Court

---

[40]Letter from Daniel C. Cohn, Esquire to the Honorable Judith K. Fitzgerald Re: Injunction Pleadings, Doc. No. 478.

[41]Letter to Judge Fitzgerald re: Manville Opinion Filed by W.R. Grace & Co., et al., Doc. No. 479; Letter to Judge Fitzgerald re: Manville Opinion Filed by State of Montana, Doc. No. 480.

Actions were to have an effect on Debtors' estates there would have to be a judgment against the State of Montana which would then have to pursue its claims against Debtors in this bankruptcy case. The only similarity between *Johns-Manville* and the matter before us is the fact that the underlying state court litigation relies upon theories of liability that require proof of tortious conduct by a third party (the State) and damages that can be assessed against that third party without a direct impact on the Debtors' estates.

For the reasons stated herein, the Motions to Reconsider will be denied and the court's prior order will remain in effect. An appropriate order will be issued.

DATE: March __27__, 2008.

*Judith K. Fitzgerald*
jmd

Judith K. Fitzgerald
United States Bankruptcy Judge

cc:    David M. Bernick
       Janet S. Baer
       Kirkland & Ellis LLP
       200 East Randolph Drive
       Chicago, IL  60601

       Laura Davis Jones
       James E. O'Neill
       Pachulski Stang Ziehl & Jones
       919 North Market Street, 17th Floor
       PO Box 8705
       Wilmington, DE  19899-8705

       Adam G. Landis
       Kerri K. Mumford
       919 Market Street, Suite 600
       PO Box 2087
       Wilmington, DE  19801

       Daniel C. Cohn
       Christopher M. Candon
       Cohn Whitesell & Goldberg LLP

13

101 Arch Street
Boston, MA 02110

Mark R. Hurford
Marla R. Eskin
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801

Elihu Inselbuch
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500

Peter Van N. Rockwood
Nathan D. Finch
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

Evelyn J. Meltzer
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
PO Box 1709
Wilmington, DE 19899-1709

Edward C. Toole, Jr.
Anne Marie Aaron son
Thomas A. Spratt, Jr.
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Edward B. Rosenthal
Rosenthal, Monhait, & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19899-1070

Daniel M. Glosband
Brian H. Mukherjee
Goodwin Procter LLP
Exchange Place

14

Boston, MA 02109

Elizabeth DeCristofaro
Ford Marrin Esposito Witneyer
    & Gleser, L.L.P.
Wall Street Plaza, 23rd Floor
New York, NY 10005-1875

Ian Connor Bifferato
Garvan F. McDaniel
800 North King Street, First Floor
Wilmington, DE 19801

Carl J. Pernicone
Wilson, Elser, Moskowitz, Edelman
    & Dicker LLP
150 East 42nd Street
New York, NY 10017-5639

Jeffrey C. Wisler
Marc J. Phillips
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
PO Box 2207
Wilmington, DE 19899

Francis J. Monaco, Jr.
Kevin J. Mangan
Monzack and Monaco, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801

Roger Frankel
Richard H. Wyron
Arrack Harrington & Sutcliffe LLP
3050 K Street, NW
Washington, DC  20007

John C. Phillips
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE  19806

Philip Bentley
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

Scott Baena
Bilzin Sumberg Dunn Baena Price
    & Axelrodi LLP
First Union Financial Center
200 South Biscayne Blvd., Suite 2500
Miami, FL  33131

Lewis Kroger
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982

Mark Shelnitz
W.R. Grace & Co.
7500 Grace Drive
Columbia, MD  21044

Ellen W. Slights
Assistant U.S. Attorney
The Nemours Building
1007 Orange Street, Suite 700
PO Box 2046
Wilmington, DE  19899

Steven Kortanek
Klehr, Harrison, Harvey, Branzburg &
    Ellers, LLP
919 North Market Street, Suite 1000
Wilmington, DE  19801

Teresa K. D. Currier
Buchanan Ingersoll & Rooney PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE  19801

Michael R. Lastowski
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE  19801-1246

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:  ( | |
| ( | |
| W.R. GRACE & CO., <u>et al.</u>,  ( | Bankruptcy No. 01-01139 (JKF) |
| ( | Jointly Administered |
| Debtor(s).  ( | |
| _____( | Chapter 11 |
| ( | |
| ( | Adversary No. A-01-771 |
| W.R. GRACE & CO., et al.,  ( | |
| ( | Related to Doc. No. 359 |
| Plaintiffs.  ( | |
| ( | |
| -against-  ( | |
| ( | |
| MARGARET CHAKARIAN,  ( | |
| ROBERT H. LOCKE, JACKIE  ( | |
| ELLISON, MARCIA ELLISON,  ( | |
| CARY YOUPEE, RUPPLE K.  ( | |
| PERRY, THE STATE OF  ( | |
| MICHIGAN, ALICE SMOKLER,  ( | |
| HOME SAVINGS TERMITE  ( | |
| CONTROL, GLORIA MUNOZ,  ( | |
| EXXON MOBILE CORPORATION ( | |
| ET AL., AND JOHN DOES 1-1000, ( | |
| ( | |
| Defendants.  ( | |
| _____( | |

**ORDER DENYING DEBTORS' MOTION TO EXPAND THE PRELIMINARY**
**INJUNCTION TO INCLUDE ACTIONS AGAINST THE STATE OF MONTANA**

**AND NOW**, this 13th day of April, 2007, for the reasons expressed in the foregoing

Memorandum Opinion, it is **ORDERED, ADJUDGED, and DECREED** that the Debtors'

Motion to Expand Their Preliminary Injunction to Include Actions Against the State of Montana,

13

seeking to include one hundred and twenty (120) actions currently pending against the State of

Montana before various state courts (the "State Court Actions"), is **DENIED.**

Debtors shall immediately serve a copy of this Opinion and Order on all parties in

interest and file a certificate of service forthwith.

Judith K. Fitzgerald
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ( | |
| | ( | |
| W.R. GRACE & CO., <u>et al.</u>, | ( | Bankruptcy No. 01-01139 (JKF) |
| | ( | Jointly Administered |
| Debtor(s). | ( | |
| _____ | ( | Chapter 11 |
| | ( | |
| | ( | Adversary No. 01-771 |
| W.R. GRACE & CO., et al., | ( | |
| | ( | Related to Doc. No. 359 |
| Plaintiffs. | ( | |
| | ( | |
| -against- | ( | |
| | ( | |
| MARGARET CHAKARIAN, | ( | |
| ROBERT H. LOCKE, JACKIE | ( | |
| ELLISON, MARCIA ELLISON, | ( | |
| CARY YOUPEE, RUPPLE K. | ( | |
| PERRY, THE STATE OF | ( | |
| MICHIGAN, ALICE SMOKLER, | ( | |
| HOME SAVINGS TERMITE | ( | |
| CONTROL, GLORIA MUNOZ, | ( | |
| EXXON MOBILE CORPORATION | ( | |
| ET AL., AND JOHN DOES 1-1000, | ( | |
| | ( | |
| Defendants. | ( | |
| _____ | ( | |

## MEMORANDUM OPINION[1]

The matter before the Court is the Debtors' Motion to Expand Their Preliminary

Injunction to Include Actions Against the State of Montana (the "Expansion Motion"),[2] which

---

[1] This Memorandum Opinion constitutes our findings of fact and conclusions of law.

[2] Doc. No. 359.

1

seeks to add within the scope of the preliminary injunction 120[3] actions currently pending

against the State of Montana in Montana state courts (the "State Court Actions").[4]  The State of

Montana has filed a proof of claim in an unliquidated amount asserting

indemnification/contribution from Debtors relating to the State Court Actions.  The preliminary

injunction was issued in this adversary to prevent the filing or continued prosecution of actions

against third parties that arise from alleged exposure to asbestos indirectly or directly caused by

Debtors.[5]  The claimants involved in the State Court Actions ("Montana Plaintiffs") filed an

objection to the Expansion Motion.[6]  The Official Committee of Unsecured Creditors submitted

a joinder[7] to the Expansion Motion and the State of Montana filed a response stating it did not

object to the relief sought unless the relief affects certain of its rights.[8]

---

[3]  Debtors' motion, as filed, sought relief with respect to 97 pending State Court Actions.
As of January 30, 2006, Debtors asserted that the number of State Court Actions has grown to
120.  Debtors' Motion to Dismiss Appeal, Doc. No. 383, at 2.  The actual number of plaintiffs or
actions has not been identified in any pleading.

[4]  Several months prior to the filing of the Expansion Motion, the State of Montana filed a
motion for relief from the automatic stay in order to join Debtors as third-party defendants to the
State Court Actions.  Motion of State Of Montana For Relief From the Automatic Stay,
Bankruptcy No. 01-01139, Doc. No. 8582.  The court's decision regarding the motion for relief
from the automatic stay will be entered as a separate opinion and corresponding order.

[5]  Order Granting Modified Preliminary Injunction, Adversary No. 01-771, Doc. No. 87.

[6]  Opposition of Libby Claimants to Debtors' Motion to Expand the Preliminary
Injunction to Include Actions Against the State of Montana, Adversary No. 01-771, Doc. No.
363.

[7]  Joinder of the Official Committee of Unsecured Creditors in the Debtors' Motion to
Expand Their Preliminary Injunction to Include Action Against the State of Montana, Adversary
No. 01-771, Doc. No. 359.

[8]  Response to Debtors' Motion to Expand Preliminary Injunction to Include Actions
Against the State of Montana, Adversary No. 01-771, Doc. No. 362, at 1, 2.  "Montana does not

(continued...)

On April 2, 2001 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  Soon after, the United States Trustee appointed the Property Damage Committee, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Unsecured Creditors, and the Official Committee of Equity Holders.  Debtors continue in possession of their property and the management of their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

The preliminary injunction at issue in this proceeding was entered on May 3, 2001, barring the prosecution of currently pending actions against various affiliated entities and third parties whose purported liability was solely derivative of Debtors.  Adversary No. 01-771, Doc. No. 32.  On January 22, 2002, the court entered an order modifying the preliminary injunction to include certain additional affiliates and to reinstate the bar against the commencement of new actions against affiliates arising from alleged exposure to asbestos whether indirectly or directly caused by Debtors.[9]  On February 4, 2002, certain Montana Plaintiffs attempted to modify the injunction in order to pursue an alleged direct cause of action claim against Maryland Casualty Company ("MCC"), one of Debtors' insurers.[10]  This court denied the motions and was affirmed

---

[8](...continued)
object to the relief requested in the Motion to Expand Injunction if the motion does not effect [*sic*] Montana's rights to: (a) object to any plan of reorganization of the Debtors relating to the treatment of Montana under such a plan; (b) preserve its contribution and/or indemnification claims it may have against Debtors relating to the Montana action; (c) take all such actions as Montana shall determine appropriate in order to preserve any claims or causes of actions it may have relating to the Montana actions; and (d) continue to seek relief from the automatic stay in the event the Motion is denied."

[9] Adversary No. 01-771, Doc. No. 87, Order Granting Modified Preliminary Injunction.

[10] Named plaintiffs involved in the State Court Actions were also previously involved in the claims against MCC and Montana Vermiculite Company.

3

by the U.S. Circuit Court of Appeals for the Third Circuit.  *In re W.R. Grace & Co. (Gerard v. W.R. Grace & Co.)*, 115 Fed. Appx. 565 (3d Cir. 2004).  The Montana Plaintiffs next attempted to pursue their asbestos personal injury claims arising out of Debtors' mining operations in Libby, Montana, by commencing suit against Montana Vermiculite Company ("MVC"), the former owners of Debtors' mining operations.[11]  This court amended the injunction to stay the actions against MVC on February 25, 2005.[12]

The various State Court Actions relate to claims arising from the mining and processing of vermiculite containing asbestos within the State of Montana.  Most plaintiffs allege periods of employment with Debtors and/or their predecessors from 1947 through 1993.  At least 21 of the 120 State Court Actions were filed first only against Debtors and were amended, after Debtors filed bankruptcy, to include the State of Montana.  The others were filed against the State of Montana after Debtors were in bankruptcy, at which time actions in state court against Debtors were precluded by the automatic stay.  The Montana Plaintiffs assert the same cause of action (negligence in failing to take sufficient action to protect and to warn the plaintiffs about alleged asbestos hazards) against both Debtors and the State of Montana.

According to one of the State Court Actions, *Orr v. State of Montana*, 106 P.3d 100 (Mt. 2004), Montana's State Board of Health ("BOH") inspected the Libby mine on a regular basis beginning in 1956.

---

[11] *See* Motion to Expand the Preliminary Injunction to Include Actions Against Montana Vermiculite Company, Adversary No. 01-771, Doc. No. 153.

[12] Amended Order Granting Motion to Expand Preliminary Injunction Actions Against Montana Vermiculite Company, Adversary No. 01-771, Doc. No. 358.

4

During each State inspection between 1956 and 1974, the State inspectors found unsanitary and unhealthful conditions. The State notified Zonolite[13], and later Grace, of the dangerous conditions after each inspection, explaining the seriousness of asbestosis and its likely fatal outcome, but did not inform the Mine workers, including the Miners, of the dangers. With the exception of identifying the hazardous conditions and telling the Mine's owner/managers to correct the problems, the State took no steps to ensure that the Mine's owners/managers responded in a manner that provided a safe working environment.

106 P.3d at 104. In the Nineteenth Judicial District Court of Montana (Lincoln County), the State of Montana obtained dismissal of the *Orr* claim on the basis that the State did not owe a duty to the plaintiffs. On appeal, the Supreme Court of Montana reversed the trial court's dismissal, concluding that the State had a legal duty to the Libby Mine workers,[14] and remanded the case for determination of whether the State of Montana breached that duty.

Debtors assert that the motion to include Montana within the injunction in this case should be granted because the State of Montana and Debtors share an identity of interest such that a suit against the nondebtor is essentially a suit against the Debtors and the State Court Actions will have an adverse impact on the Debtors' ability to accomplish reorganization.[15] The Montana Plaintiffs make two arguments against including the State in the injunction: (1) the court lacks subject matter jurisdiction to enjoin their separate and independent tort claims against the State of Montana because the State Actions are not related to the bankruptcy within the

---

[13] The Zonolite Company was acquired by W.R Grace in 1963.

[14] "We conclude that the State had a statutory duty under [numerous Montana Statutes] to protect the safety and health of the Miners by warning them of known dangers associated with their workplace." *Orr*, 106 P.3d at 111.

[15] These two factors, identity of interest and adverse impact, are part of the "unusual circumstances" test articulated in *Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995), for determination of whether a §105(a) injunction is proper. *See also In re Prussia Associates*, 322 B.R. 572 (Bankr. E.D. Pa. 2005), and *Matter of Rickel Home Centers, Inc.*, 199 B.R. 498, 501 (Bankr. D. Del. 1996).

meaning of 28 U.S.C. §1334(b), and (2) the Expansion Motion fails to establish grounds for

entry of an injunction against a third-party litigant under the stringent standards established by

case law.

The U.S. Court of Appeals for the Fifth Circuit explained that:

> Subject matter jurisdiction and power [under §105 of the Bankruptcy Code] are separate
> prerequisites to the court's capacity to act.  Subject matter jurisdiction is the court's
> authority to entertain an action between the parties before it.  Power under Section 105 is
> the scope and forms of relief the court may order in an action in which it has jurisdiction.

*Matter of Zale Corp.,* 62 F.3d 746, 751 (5th Cir. 1995) (citing *In re American Hardwoods, Inc.*

*(American Hardwoods, Inc. v. Deutsche Credit Corp.)*, 885 F.2d 621, 624 (9th Cir. 1989)).

While aspects of the §105(a) analysis may be relevant to "related-to" jurisdiction, the two

inquiries are analytically distinct.  *In re Combustion Engineering, Inc.*, 391 F.3d 190, 224-25 (3d

Cir. 2004).  Section 105(a) "does not provide an independent source of federal subject matter

jurisdiction."  *Id.* at 225.  Therefore, this court must establish subject matter jurisdiction before

considering the merits of a §105(a) injunction.

Section 1334(b) provides that ". . . the district courts shall have original but not exclusive

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under

title 11."  28 U.S.C. §1334(b).  Section 157(a) of title 28 of the United States Code permits the

district court to refer "any or all proceedings arising under title 11 or arising in or related to a

case under title 11 . . . to the bankruptcy judges for the district."  *Celotex Corp. v. Edwards*, 514

U.S. 300, 307 (1995).

The generally accepted test for determining whether a bankruptcy court has subject

matter jurisdiction over litigation between nondebtor third parties is whether "the outcome of

that proceeding could conceivably have any effect on the estate being administered in

bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). However, as exhibited

by *Pacor* itself, application of this test has proven to be most difficult with cases involving

indemnification and contribution.

In *Pacor*, John and Louise Higgins initially brought suit against Pacor, a distributor of

chemical supplies, in Pennsylvania state court, seeking damages allegedly caused by Mr.

Higgins' work-related exposure to asbestos supplied by Pacor. Pacor, in turn, filed a third party

complaint impleading the Johns-Manville Corporation, which soon after filed a chapter 11

bankruptcy petition. In determining whether the bankruptcy court had subject matter

jurisdiction, the U.S. Court of Appeals for the Third Circuit held that the primary action between

the third parties, Higgins and Pacor, would have no effect on the bankruptcy estate.

> At best, it is a mere precursor to the potential third party claim for indemnification by
> Pacor against Manville. . . . Even if the Higgins-Pacor dispute is resolved in favor of
> Higgins (thereby keeping open the possibility of a third party claim), Manville would still
> be able to relitigate any issue, or adopt any position, in response to a subsequent claim by
> Pacor. Thus, the bankruptcy estate could not be affected in any way until the Pacor-
> Manville third party action is actually brought and tried.

*Id.* at 995. The court held that a bare claim of common law indemnity was not enough to

establish jurisdiction; any effect on the estate is indirect and contingent on intervening litigation.

"[A]ny judgment received by the plaintiff . . . could not itself result in even a contingent claim

against Manville, since Pacor would still be obligated to bring an entirely separate proceeding to

receive indemnification." *Id.* That is, the outcome of the action itself would have no effect on

the estate and a separate indemnification action would be required before an effect could be

established.

On the other hand, the U.S. Court of Appeals for the Sixth Circuit adopted a different

interpretation of the *Pacor* test. In *In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996), the

Court of Appeals found related-to jurisdiction for a mass tort claim against the shareholders of a chapter 11 debtor because of the possibility of indemnity or contribution claims against the debtor from the shareholders.  The court glossed over the rationale and the ultimate outcome of the *Pacor* opinion, looking to the word "conceivable" and stating that:

> A key word in [the] test is 'conceivable.'  Certainty, or even likelihood, is not a requirement.  Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on 'the debtor's rights, liabilities, options, or freedom of action' or the 'handling and administration of the bankrupt estate.'

*Id*. at 491 (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991)).  The court held that the possibility of indemnity or contribution claims alone was sufficient to satisfy the *Pacor* test.

In *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3d Cir. 2002), *cert. denied sub nom. DaimlerChrysler v. Official Committee of Asbestos Claimants*, 537 U.S. 1148 (2003), the Court of Appeals for the Third Circuit rejected an argument based on the decision of the Sixth Circuit in *In re Dow Corning*, stating that focusing on the word "conceivable" ignores the precise holding of *Pacor*.  "The test articulated in *Pacor* for whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of yet another lawsuit."  *Id.* at 382. The bankruptcy court accurately reiterated the holding of *Pacor* stating that jurisdiction exists where "the potential impact on the debtor's estate would have been direct with no intervening adjudication or joinder of issue necessary for judgment against the non-debtor to affect assets, re-prioritize creditors and thwart the bankruptcy court's administration of the estate."  *In re Federal-Mogul Global, Inc.*, 282 B.R. 301, 307 (Bankr. D. Del. 2002), quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).  In *Federal-Mogul*, jurisdiction in the bankruptcy of the

8

debtor, an automobile parts supplier, was sought for the third party action between personal injury claimants and the automobile companies (including the "Big Three" Auto Makers) who used debtors' asbestos-containing automobile products in their own products. Following its decision in *Pacor*, the court held that related-to jurisdiction was lacking because it would take the intervention of yet another lawsuit before the defendants would have indemnity claims against Federal-Mogul. 282 B.R. at 306. To the extent that the Third Circuit and Sixth Circuit cases conflict regarding the application of the *Pacor* rule to indemnification/contribution claims, this court must follow the case law of the Third Circuit.

The position claims in the State Court Actions is nearly identical to the claims in *Pacor* and *Federal-Mogul*. Before any effect on Debtors can be realized, the State of Montana must first be found liable in state court and then pursue its claim for indemnification in bankruptcy court. While the court in *Orr v. State of Montana, supra,* found that a duty existed on behalf of the State, the case was remanded for determination of whether the State of Montana breached that duty. If breach is not found, indemnification/contribution is not possible. If breach is found, the Montana Plaintiffs "would still be obligated to bring an entirely separate proceeding to receive indemnification." *Pacor*, 743 F.2d at 995. Montana law prohibits the State of Montana from litigating or establishing a factual basis (i.e., percentage of comparative fault) against Debtors for either contribution or indemnity during the course of the State Court Actions.[16] *See* Mont. Code Ann. §27-1-703 (1997), and *Plumb v. Forth Judicial Dist. Court*, 927 P.2d 1011 (Mont. 1996) (entry of findings against non-party violates substantive due process). A judgment

---

[16] This court is not asked to, and does not, express an opinion as to the merits of a possible indemnification/contribution claim that might be brought against the estate by the State of Montana if it is found liable based upon the State's independent duty to third parties.

9

against the State of Montana will not bind Debtors.  An intervening adjudication is necessary to

affect the estate.

The bankruptcy court in *Federal-Mogul* noted that the decisions in *Celotex Corp. v.*

*Edwards,* 514 U.S. 300 (1995), *In re A.H. Robins Co.*, Inc., 828 F.2d 1023 (4th Cir. 1987), cert.

denied, 485 U.S. 969 (1988), and *Halper v. Halper*, 164 F.3d 830 (3d Cir. 1999), followed the

Third Circuit's interpretation of *Pacor* and the results could be "explained at least in part by the

recognition that they each involved property or rights belonging to the estate." 282 B.R. at 307.

*Celotex* involved the debtor's cash collateral, *A.H. Robins* concerned insurance proceeds, and

*Halper* addressed a guarantee which was available as a creditor's alternative source of recovery.

*Id*.  The rulings in each of these third party cases would have had a direct effect on the estate.

This distinction can also be applied to reject Debtors' assertion that the inclusion in the

injunction of the claims against MCC and MVC supports the expansion of the injunction to the

State of Montana Actions.  MCC was a workers compensation insurer for Debtors and a ruling

against MCC would have had a direct impact on the estate.  This court in the MVC litigation

explained that:

> In this case, if there is a judgment against MVC which resulted in damages for asbestos-related injuries, the Montana Plaintiffs would look to Royal with respect to the insurance policies and Debtor's indemnity obligations under their settlement with Royal would be triggered.  The indemnity between Debtors and Royal is contractual; in *Pacor* a common law indemnity claim existed and was held to be an insufficient basis for "related to" jurisdiction.

*In re W.R. Grace & Co. (W.R. Grace & Co. v. Chakarian),* 315 B.R. 353, 359 (Bankr. D. Del.

2004).  Similarly, in *A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), cert. denied

479 U.S. 876 (1986), an injunction was proper because the indemnification rights were absolute;

a judgment against the co-defendant indemnitee would effectively bind the debtor.  Here,

however, as in *Pacor* and *Federal-Mogul*, the State Court Actions will not be binding on the estate and will not have a direct impact on the estate without additional intervening adjudication.

Additionally, in *Orr,* it is the actions of the State of Montana, not Debtors, which are the basis of the claims. The question in *Orr* became one of whether, assuming the State had the information, it had an independent responsibility to distribute or act upon the information for the benefit of the plaintiffs in the litigation. "[T]he State had discretion to determine what information to gather, but once that information was gathered, it had no discretion about whether to distribute it." *Orr*, 106 P.3d at 108.

Based on the discussion above, related-to subject matter jurisdiction does not exist for the purpose of expanding the injunction to include the State Court Actions. Without a finding of such jurisdiction, it is unnecessary to conduct an analysis of whether an injunction under §105(a) is appropriate. Although, as this represents the Montana Plaintiff's third attempt to pursue these claims, we suspect that this may be yet another effort at an end run around the automatic stay, in this situation, the Supreme Court of Montana has articulated a cause of action separate and apart from the conduct of Debtors. The motion to expand the preliminary injunction to include the State of Montana will be denied. We note, however, that the automatic stay remains in effect as to the Debtors and their property, including their products, and nothing in this Opinion and Order authorizes relief from the stay as to any allegation, cause of action, etc., against the Debtors' estates, the Debtors, or those parties protected by the preliminary injunction, or against property of the estate or property of the Debtors.

An appropriate order will be issued.

DATE: April 13,  2007

_Judith K. Fitzgerald_                    jmd
Judith K. Fitzgerald
United States Bankruptcy Judge